IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSICA R. COWAN                                                                             PLAINTIFF

v.                                              CIVIL NO. 21-cv-2044

KILOLO KIJAKAZI,[1] Acting Commissioner                                DEFENDANT
Social Security Administration

## **MEMORANDUM OPINION**

Plaintiff, Jessica R. Cowan, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**      **Procedural Background**

Plaintiff protectively filed her applications for DIB and SSI on October 14, 2018. (Tr. 10). In her applications, Plaintiff alleged disability beginning on December 14, 2017, due to a herniated bulging disc in her lower back, depression, anxiety, insomnia, migraines, and arthritis in her spine. (Tr. 10, 221). An administrative hearing was held via telephone on June 24, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 10, 32–65). A vocational expert (VE) also testified at the hearing.

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

On July 16, 2020, the ALJ issued an unfavorable decision. (Tr. 7–25). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: minimal stenosis of the lumbar spine with disc protrusion, anxiety, depression, and post-traumatic stress disorder. (Tr. 13–14). Plaintiff's medically determinable impairments of restless leg syndrome, peripheral neuropathy, decreased vision, and migraine headaches were found to be nonsevere. *Id*. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14–16). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a) except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can have no exposure to extreme heat, cold, or humidity. She should have no exposure to hazards such as ladders, ropes, or scaffolds, moving mechanical parts, unprotected heights, deep water, and open flames. Further, the claimant can perform simple, routine, repetitive tasks with simple work related decisions. Finally, the claimant's social interaction should be brief and superficial. (Tr. 16–23).

With the help of a vocational expert, the ALJ found Plaintiff would be able unable to perform any of her past relevant work, but could perform the requirements of the representative occupations of document preparer, addressing clerk, and table worker. (Tr. 23–25). The ALJ found Plaintiff was not disabled from December 14, 2017, through the date of her decision. (Tr. 25). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 20, 24).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff presents the following points on appeal: 1) whether the ALJ fully and fairly developed the record; 2) whether the ALJ erred by failing to consider all of the evidence, including Plaintiff's subjective complaints and the opinion evidence in determining Plaintiff's RFC; and 3) whether the ALJ erred at step five. (ECF No. 20). Defendant argues the ALJ properly considered the medical record, and did not have a duty to seek clarification from Dr. Bennet regarding his opinion letter. (ECF No. 24). Defendant argues the ALJ properly considered Plaintiff's physical impairments and mental impairments, including treatment records, radiographic imaging, her own reports of her daily activities, work history, and the opinions of the treating, examining, and nonexamining physicians. Finally, the Defendant argues the ALJ made a proper step five finding which was supported by vocational expert testimony in response to an appropriate hypothetical. *Id*.

The Court has reviewed the entire transcript and the parties' briefs, and agrees with Defendant's assertion that this case was decided based upon a well-developed record and was supported by substantial evidence. The ALJ considered and analyzed all of Plaintiff's

impairments, and provided adequate reasoning for discounting the opinion offered by Dr. Bennet. While the ALJ found the nonexamining physicians' opinions unpersuasive, she noted they were well supported and consistent with the record as a whole, and incorporated their opined limitations into the RFC. (Tr. 22). While the ALJ imposed additional restrictions, her RFC findings were clearly supported by the opinions of nonexamining physicians Dr. Jim Takach and Dr. Brett Alberty. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive, and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 31st day of March 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE